IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT GILBERT, | ) |
| | ) |
| Plaintiff, | )   2:22-cv-260 |
| | ) |
| v. | ) |
| | ) |
| NICHOLAS BONACCORSI, | ) |
| IAN HENDERSON, | ) |
| ANTHONY CANCILLA and | ) |
| JOHN and/or JANE DOE(S), | )   JURY TRIAL DEMANDED |
| | ) |
| Defendants. | )   Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, ROBERT GILBERT, by and through his attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this Complaint in a Civil Action as follows.

JURISDICTION AND VENUE

1. This is an action for the redress of grievances and in vindication of civil rights guaranteed to the Plaintiff under the Constitution of the United States and the laws enacted in furtherance thereof, including 42 U.S.C. § 1983.

2. This action is brought against the Defendants for violating Plaintiff's rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983.

3. Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3). Supplemental jurisdiction over Plaintiff's state law claim is also proper pursuant to 28 U.S.C.A. § 1367.

4. Venue is proper under 28 U.S.C.A. § 1391(b). All claims set forth herein arose in the Western District of Pennsylvania.

## PARTIES

5. Plaintiff, Robert Gilbert, is an adult individual who resides in Allegheny County, Pennsylvania.

6. Defendant, Nicholas Bonaccorsi ("Bonaccorsi"), is a United States citizen. Plaintiff believes, and therefore avers, that Defendant Bonaccorsi is a resident of Allegheny County, Pennsylvania. At all times relevant to this Complaint, Defendant Bonaccorsi was a law enforcement officer employed by the City of Pittsburgh Bureau of Police, with offices located at 830 E Warrington Avenue, Pittsburgh, Pennsylvania 15210, purporting to act within the full scope of his authority and office, and under color of law and pursuant to the statutes, ordinances, regulations, and customs and usages of the City of Pittsburgh Bureau of Police.

7. Defendant, Ian Henderson ("Henderson"), is a United States citizen. Plaintiff believes, and therefore avers, that Defendant Henderson is a resident of Allegheny County, Pennsylvania. At all times relevant to this Complaint, Defendant Henderson was a law enforcement officer employed by the City of Pittsburgh Bureau of Police, with offices located at 830 E Warrington Avenue, Pittsburgh, Pennsylvania 15210, purporting to act within the full scope of his authority and office, and under color of law and pursuant to the statutes, ordinances, regulations, and customs and usages of the City of Pittsburgh Bureau of Police.

8. Defendant, Anthony Cancilla ("Cancilla"), is a United States citizen. Plaintiff believes, and therefore avers, that Defendant Cancilla is a resident of Allegheny County, Pennsylvania. At all times relevant to this Complaint, Defendant Cancilla was a law enforcement officer employed by the City of Pittsburgh Bureau of Police, with offices located at 830 E Warrington Avenue, Pittsburgh, Pennsylvania 15210, purporting to act within the full scope of his authority and

office, and under color of law and pursuant to the statutes, ordinances, regulations, and customs and usages of the City of Pittsburgh Bureau of Police.

9. Defendant, John and/or Jane Doe(s) ("Doe(s)"), unknown in name and number, at all times relevant to this Complaint, were law enforcement officers employed by the City of Pittsburgh Bureau of Police, with offices located at 830 E Warrington Avenue, Pittsburgh, Pennsylvania 15210, purporting to act within the full scope of their authority and office, and under color of law and pursuant to the statutes, ordinances, regulations, and customs and usages of the City of Pittsburgh Bureau of Police.

## FACTUAL ALLEGATIONS

10. Plaintiff is permanently disabled and requires a cane to walk.

11. Plaintiff is the father of Tyra Gilbert and the son of Charlene Gilbert.

12. On or about February 12, 2020, Plaintiff accompanied Charlene Gilbert as she drove Tyra Gilbert, another male individual, and Tyra Gilbert's two (2) minor children to a residence located in or about the Allentown section of the City of Pittsburgh.

13. Upon arrival at that residence, Plaintiff and Tyra Gilbert had an altercation outside of Charlene Gilbert's vehicle.. This altercation did not result in injury to Plaintiff, Tyra Gilbert or any other individual.

14. Defendants Bonaccorsi, Henderson, Cancilla and Doe(s) arrived shortly thereafter. At that time, the altercation between the Plaintiff and Tyra Gilbert had ended and Plaintiff was in the process of entering the front passenger side of Charlene Gilbert's vehicle.

15. At that time, Defendant Bonaccorsi entered the driver's side of the vehicle and, without any provocation or justification, forcefully and aggressively grabbed the Plaintiff by his hoodie and demanded to see the Plaintiff's identification.

16. Without any provocation or justification, Defendants Bonaccorsi, Henderson, Cancilla and/or Doe(s) then forcefully removed the Plaintiff from the vehicle and aggressively threw the Plaintiff onto the ground.

17. Without any provocation or justification, Defendants Bonaccorsi, Henderson, Cancilla and/or Doe(s) stepped on the Plaintiff's head, pushing Plaintiff's face into the ground and causing abrasions to the Plaintiff's face.

18. Without any provocation or justification, Defendants Bonaccorsi, Henderson, Cancilla and/or Doe(s) knelt on the Plaintiff's neck while the Plaintiff lay face down on the ground.

19. Without provocation or justification, Defendant Bonaccorsi, Henderson, Cancilla and/or Doe(s) stepped on Plaintiff's lower back and legs while the Plaintiff continued to lie face down on the ground.

20. Defendant Bonaccorsi, Henderson, Cancilla and/or Doe(s) then pulled the Plaintiff up from the ground and held the Plaintiff against a marked police vehicle and above the ground by the Plaintiff's hoodie, causing the Plaintiff to be unable to breathe.

21. At no time during the Defendants' unlawful assault of the Plaintiff was the Plaintiff a threat to any Defendant, Charlene Gilbert, Tyra Gilbert and/or any other individual.

22. Furthermore, Defendants Bonaccorsi, Henderson, Cancilla and/or Doe(s) had actual knowledge of the Plaintiff's physical disabilities and past injuries due to previous interactions with the Plaintiff.

23. Defendants Bonaccorsi, Henderson, Cancilla and/or Doe(s) knew, or should have known, that the above-described force used against the Plaintiff was excessive and unnecessary.

24. Thereafter, Defendants Bonaccorsi, Henderson, Cancilla and/or Doe(s) handcuffed the Plaintiff and transported the Plaintiff to UPMC Mercy Hospital in an unmarked police vehicle.

25. As a direct and proximate result of the Defendants' unlawful conduct, Plaintiff suffered and continues to suffer from injuries to his face, back, neck and head.

26. As a direct and proximate result of the Defendants' unlawful conduct, as more fully described hereinbefore above, Plaintiff required surgery and ongoing medical treatment.

## COUNT I:

### PLAINTIFF v. ALL DEFENDANTS

### VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

### EXCESSIVE FORCE

27. Plaintiff incorporates by reference Paragraphs 1 through 26 as though fully set forth at length herein.

28. Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against the above-captioned Defendants for violations of Plaintiff's constitutional rights under color of law.

29. At all times relevant hereto, pursuant to 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution, Plaintiff had the right to be free from excessive, unreasonable and unjustified force by the Defendants.

30. As more fully described hereinbefore above, Plaintiff was unlawfully assaulted by the above-named Defendants, without any provocation or justification.

31. As more fully described hereinbefore above, Defendants Bonaccorsi, Henderson, Cancilla and/or Doe(s) had actual knowledge of the Plaintiff's physical disabilities and past injuries and knew, or should have known, that the use of force against the Plaintiff was excessive and unnecessary.

32. The excessive, unreasonable and unjustified force used by Defendants Bonaccorsi, Henderson, Cancilla and/or Doe(s) against the Plaintiff constituted a violation of Plaintiff's rights as guaranteed under the Fourth Amendment to the United States Constitution.

33. At no time during the excessive and illegal conduct by the individual Defendants was the Plaintiff an immediate threat to the safety of the individual Defendants or any other members of the community.

34. At no time were the excessive actions of the individual Defendants reasonable or warranted.

35. Furthermore, the excessive and aggressive actions of individual Defendants directly resulted in the Plaintiff suffering severe physical injuries. The individual Defendants' illegal and excessive conduct has directly caused the Plaintiff to suffer significant injuries.

36. The individual Defendants' actions were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiff, thereby subjecting Defendants to punitive damages.

37. The named Defendants, and each of them, acted under the color of law and their actions constituted an arbitrary and unconscionable abuse of government authority.

38. As a direct and proximate result of the acts described hereinbefore above perpetrated by the Defendants, and each of them, Plaintiff suffered the following injuries and damages:

    a. violation of Plaintiff's constitutional rights under 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution;

    b. extreme physical pain and suffering;

    c. fright, horror and shock;

    d. emotional trauma and suffering; and

    e. economic damages related to any and all medical and/or other consequential costs.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendants, and each of them, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the individual Defendants, and each of them; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT II:

PLAINTIFF v. ALL DEFENDANTS

VIOLATION OF PLAINTIFF'S
PENNSYLVANIA COMMON LAW RIGHTS

<u>ASSAULT AND BATTERY</u>

39. Plaintiff incorporates by reference Paragraphs 1 through 38 as though fully set forth at length herein.

40. As more fully described hereinbefore above, Defendants intentionally, willfully and maliciously attacked the Plaintiff and stepped on the Plaintiff's head, neck, knees and lower back, causing the Plaintiff to sustain injuries, without any justification to do so.

41. The actions of Defendants were willful, deliberate and were done with a reckless disregard for the rights of the Plaintiff, thereby subjecting Defendants to punitive damages.

42. As a direct and proximate result of the acts described hereinbefore above perpetrated by Defendants, Plaintiff suffered the following injuries and damages:

    a.    violation of Plaintiff's rights under the Common Law of Pennsylvania;

    b.    extreme physical pain and suffering;

    c.    fright, horror and shock;

    d.    emotional trauma and suffering; and

    e.    economic damages related to any and all medical and/or other consequential costs.

WHEREFORE, Plaintiff demands compensatory general damages against Defendants in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the Defendants and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

                                                JURY TRIAL DEMANDED

                          Respectfully submitted,

                          LAW OFFICES OF JOEL SANSONE

                          s/ Joel S. Sansone
                          Joel S. Sansone, Esquire
                          PA ID No. 41008
                          Massimo A. Terzigni, Esquire
                          PA ID No. 317165
                          Elizabeth A. Tuttle, Esquire
                          PA ID No. 322888
                          *Counsel for Plaintiff*

                          Law Offices of Joel Sansone
                          Two Gateway Center, Suite 1290
                          603 Stanwix Street
                          Pittsburgh, Pennsylvania 15222
                          412.281.9194

Dated: February 10, 2022